IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:  Melissa Dawn Quave | Case No. 25-51449-KMS |
| David Ryan Quave, Debtors | CHAPTER 13 |

### MOTION TO TEMPORARILY SUSPEND WAGE ORDER AND TO HOLD DISTRIBUTIONS TO UNSECURED CREDITORS

COMES NOW the Debtor, Melissa Dawn Quave, by and through undersigned counsel, and files this Motion to Temporarily Suspend the Wage Order and to Hold Distributions to Unsecured Creditors, and in support thereof would respectfully show the Court as follows:

1.  This case was filed under Chapter 13 of the Bankruptcy Code, and a Chapter 13 plan was proposed and subsequently confirmed by Order of this Court (Dkt. No. 24).

2.  Under the confirmed plan, the Debtors were to pay a total of $25,737.70 to unsecured creditors and to pay a secured vehicle claim with interest at 10%.

3.  Shortly after the filing of the case, Debtor David Ryan Quave passed away, resulting in significant changes to the Debtor's financial circumstances.

4.  Following Mr. Quave's death, Debtor Melissa Quave received life insurance proceeds and other death-related benefits and also has pending claims arising from the death.

5.  To date, the Debtors have paid approximately $3,511.64 in regular Chapter 13 plan payments.

6.  In addition, the Debtor has paid approximately $38,000 to the Chapter 13 Trustee as a lump-sum payment, which represents an approximate payoff of the case, sufficient to pay 100% to filed claims to date.

7.  The funds already paid equal or exceed the total amount needed to pay timely filed claims. The Government Bar date has not passed, but no government claims are expected.

8. The governmental claims bar date has not yet passed. Out of an abundance of caution, the Debtor requests that distributions to unsecured creditors be temporarily held until after that bar date, at which time the total amount of allowed claims can be finally determined.

9. Continuing the wage order under these circumstances serves no purpose and imposes an unnecessary burden on the Debtor.

10. If a governmental claim is later filed that increases the total amount due, the Debtor is willing and able to promptly remit any additional amount required.

11. Suspending the wage order and temporarily holding unsecured distributions will not prejudice any creditor and will promote the efficient administration of the case.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court: Enter an Order temporarily suspending the wage order in this case; direct the Chapter 13 Trustee to hold distributions to unsecured creditors until after the governmental claims bar date; and grant such other and further relief as is just and proper.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

## CERTIFICATE OF SERVICE

      I, Thomas C. Rollins, Jr., certify that an accurate copy of the Motion to Temporarily Suspend the Wage Order and to Hold Distributions to Unsecured Creditors was filed on CM/ECF this day and that the Chapter 13 Case Trustee and U.S. Trustee are registered to receive electronic notice in this case. The date of said notice is reflected on the Docket.

                                              /s/ Thomas C. Rollins, Jr.
                                              Thomas C. Rollins, Jr.